IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE ESPINOZA,                                    Civil No. 08-1410-AA
                                                   OPINION AND ORDER
            Plaintiff,

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.
_____

Alan Stuart Graf
Attorney At Law
P.O. Box 98
Summertown, Tennessee 38483
      Attorney for plaintiff

Kent S. Robinson
Acting United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

David J. Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
      Attorneys for defendant

AIKEN, Judge:

        Claimant, Jesse Espinoza, brings this action pursuant to

the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1    - OPINION AND ORDER

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits (DIB) under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded, in part, for additional administrative proceedings; and reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

On May 12, 2003, plaintiff applied for DIB and SSI. Tr. 16. Plaintiff has an alleged onset disability date of February 1, 2002. Id. Plaintiff's claims were denied initially and upon reconsideration. He filed a timely request for a hearing. Id. On January 9, 2007, a video hearing was held before Administrative Law Judge (ALJ) Slocum. Tr. 24. On April 24, 2007, the ALJ issued an unfavorable decision. Id. Plaintiff filed a timely request for appeal and on October 1, 2008, the Appeals Council affirmed the ALJ's decision making that the final decision of the Commissioner.

## STATEMENT OF THE FACTS

Plaintiff alleges that his ability to work is limited by stress, cervical disc disease, chronic pain and a lack of sleep. Tr. 54. Due to plaintiff's sleep deprivation, stress and medication side effects, he has problems focusing. Id. Plaintiff indicates that he stopped working for the final time due to problems with "passing out" and numbness on the left side of his body. Id.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant

3    - OPINION AND ORDER

has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520©, 416.920©. If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. <u>The ALJ's Findings</u>

This case proceeded to step five of the sequential evaluation process, at which point the ALJ relied upon the medical vocational guidelines to find that plaintiff could adjust to work existing in significant numbers in the national economy. Tr. 23-24.

2. <u>Plaintiff's Allegations of Error</u>

The parties agree that the ALJ erred by: (1) relying on the medical vocational grids; and (2) failing to give adequate consideration to the opinions of Dr. Eikrem.  The parties also agree that remand for additional proceedings is appropriate for the time period beginning February 1, 2002 (the alleged date of onset) to January 5, 2004, consistent with the defendant's admissions of error as stated above.  As of January 6, 2004, however, plaintiff argues that the record is complete and needs no further development, and therefore the court should remand for payment of benefits from that date to the present.  Defendant disagrees and argues that remand for additional proceedings is appropriate for the entire time period at issue.

Plaintiff relies on Dr. Eikrem's "first definitive letter of January 6, 2004" opining that plaintiff was unable to work due to narcolepsy.  Defendant argues that a vocational expert ("VE") must be consulted regarding the vocational effect of the limitations assessed by Dr. Eikrem before it can be said with certainty that no jobs exist in significant numbers in the national economy that plaintiff can perform.  See <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000)("[w]hen the grids do not completely describe the claimant's abilities and limitations, such as when the claimant has both exertional and nonexertional limitations [as here], the grids are inapplicable and the ALJ must take the testimony of a VE.").

An award of benefits is appropriate only when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not

sufficient evidence to support the ALJ's conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). That is exactly the situation here. The record here indicates that plaintiff cannot work due to his diagnosis of narcolepsy. On January 6, 2004, plaintiff's treating physician, Dr. Eikrem, wrote: "All of these questions do not address [plaintiff's] main problem, which is narcolepsy. As far as I am concerned he cannot work at all until he gets on top of this, as he can't stay awake." Tr. 224. On August 18, 2004, Dr. Eikrem stated:

> This patient was once again asked to do job training, and I am supposed to fill out a form saying that he may do this. The problem is the patient has documented narcolepsy. At first he was unable to take Provigil because he could not afford it. When he finally got some, it gave him intolerable side effects of nocturnal tachycardia so he was unable to stay on it. As a result, he is still falling asleep and is unable to attend any sort of training course until this problem has been addressed more satisfactorily. Therefore, I filled out his form saying he is not a candidate for this[.]

Tr. 260.

On September 7, 2004, Dr. Eikrem reiterates plaintiff's diagnosis of narcolepsy and states that "medications, so far [are] not effective or tolerable." Tr. 243. Dr. Eikrem also indicates that the condition is "permanent." Id. On November 11, 2004, Dr. Eikrem completed a Functional Limits Assessment indicating that plaintiff was not able to participate in classroom activities, job readiness classes, a job search, work experience (30 hours per week of on-the-job work experience), or work due to his narcolepsy. Tr. 246. Dr. Eikrem again indicated the condition was "permanent." Id. Finally, on November 12,

6   - OPINION AND ORDER

2004, Dr. Eikrem states that: "this patient remains unemployable and is going to remain unemployable unless he can get some help with [his narcolepsy]. I am out of ideas, so I would like him to go back to the Sleep Center. Unfortunately, this patient may fall through the cracks as Oregon Health Plan may not allow him to do so. If so, I am pessimistic that he is ever going to be able to return to meaningful employment." Id.

Finally, it is significant that the ALJ decided not to call a vocational expert during the hearing. Tr. 349-50. The ALJ stated: I want the record to show that when I reviewed this case on December 28, 2006, I did request a vocational expert be present. My clerk was unable to secure one. So we'll proceed without a vocational expert today." Id.

A remand for benefits should occur when: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). I agree that from the date of Dr. Eikrem's letter, January 6, 2004, where he finds plaintiff unable to work due to narcolepsy, the record is complete and needs no further development. Therefore, the ALJ's decision is reversed and remanded for payment of benefits from that date onward.

## CONCLUSION

The defendant's motion to remand (doc. 19) is granted in part and denied in part as follows: the Commissioner's decision

7   - OPINION AND ORDER

is reversed and remanded for additional administrative proceedings as stated above (for the period February 1, 2002 to January 5, 2004), and beginning January 6, 2004 to the present, the Commissioner's decision is not based on substantial evidence, and therefore, it is reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this  14  day of December 2009.


                              /s/ Ann Aiken
                              Ann Aiken
                        United States District Judge

8    - OPINION AND ORDER